Guadalupe Vidales RAYA, Petitioner,

v.

Michael B. MUKASEY, Attorney * General, Respondent.

No. 04–76087.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2008 **.

Filed March 17, 2008.

Dozie Ike Ezeife, Samuel U. Ogbu, Emeziem & Ogbu, LLP, Oakland, CA, Nwabueze C.I. Ezeife, Efeife & Associates, Samuel U. Nwobodo, Emeziem & Ogbu, LLP, Emeryville, CA, for Petitioner.

Mary Jane Candaux, W. Manning Evans, Arthur L. Rabin, Joanne E. Johnson, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Guadalupe Vidales Raya (Vidales Raya) petitions for review of the Board of Immigration Appeals' (BIA) decision affirming without opinion the Immigration Judge's (IJ) ruling pretermitting her application for cancellation of removal.

1. The IJ did not err in concluding that Vidales Raya was convicted of petty theft in 1983. The evidence relied upon by the IJ included statements of conviction from the California Law Enforcement Telecommunication System (CLETS) and the Federal Bureau of Investigations. Both documents reflected the 1983 petty theft conviction. *See Sinotes–Cruz v. Gonzales,* 468 F.3d 1190, 1197 (9th Cir. 2006) (approving reliance on similar docu-

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ments); *see also* 8 C.F.R. § 1003.41(d) (providing for the admission of "[a]ny other evidence that reasonably indicates the existence of a criminal conviction ...").

2. Because the IJ properly determined that Vidales Raya was convicted of petty theft in 1983, and because Petitioner conceded she was convicted of petty theft in 1987, the IJ did not abuse his discretion in determining that Vidales Raya was statutorily ineligible for cancellation of removal under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Petty theft is a crime involving moral turpitude. *See Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1020 (9th Cir.2005); *see also United States v. Esparza–Ponce,* 193 F.3d 1133, 1136–37 (9th Cir.1999) (holding that petty theft constitutes a crime of moral turpitude). An alien convicted of a crime of moral turpitude is statutorily inadmissible. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). An exception to inadmissibility may apply in certain circumstances where an alien has committed only a single crime involving moral turpitude. *See* § 1182(a)(2)(A)(ii)(II). However, because Vidales Raya committed two such offenses, she was not eligible for the exception. *Id.* Accordingly, the IJ did not err in pretermitting the application for cancellation of removal.

**PETITION DENIED.**